UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CR. NO. 05-276 (HHK) |
| v. : | |
| MARIA CABRALES : | |
| Defendant. : | |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the defendants, Adriana Santamaria, also known as Adriana Cabrales, and Maria Cabrales, also known as Maria Caballeros, under penalty of perjury, agree and stipulate, to the following facts in connection with their pleas of guilty as follows.

### Background

Between on or about January 1989, and on or about March 2002, and at all times relevant to this offense, defendant Santamaria was employed as the Administrator of the Department of Microbiology and Immunology (hereinafter "Department") at the Georgetown University Medical Center (hereinafter "Georgetown"), located at 4000 Reservoir Road, NW, Washington, D.C. Principal Investigators ("Principals") in the Department oversaw research conducted in the fields of microbiology and immunology, and the Department received grant money in excess of $10,000 a year from the National Institutes of Health for research in the areas of allergy and infectious diseases; dental and craniofacial diseases; cancer; stroke; and other neurological disorders. As the

Administrator of the Department, defendant Santamaria was responsible for hiring, training, and supervising support personnel. Defendant Santamaria also oversaw the Department's financial affairs, including budget preparation, spending, and control.

Defendant Maria Cabrales is the sister of defendant Santamaria.

### The Honoraria Scheme

Between on or about May 1998 and on or about October 2001, defendants Santamaria and Cabrales conspired to obtain money from the Department by fraud. The goal of the conspiracy was unjustly to enrich themselves by means of a scheme whereby defendant Santamaria would submit authorization for the payment of honoraria in the names of defendant Cabrales and her husband for scientific lectures they never gave nor had any capacity to give. The scheme functioned as follows.

Defendant Santamaria would make numerous fraudulent requests for the payment of honoraria in the names of defendant Cabrales and her husband. Defendant Santamaria had no authority to engage lecturers on behalf of the Principals, let alone the services of her relatives, who were in no way qualified to speak on any subjects related to the fields of microbiology and immunology. The standard procedure for the payment of honoraria required one of the Principals, not defendant Santamaria, to arrange for the lecture. The Principal would draft and sign a letter to the lecturer confirming the details of the lecture. Defendant Santamaria was not authorized to contact potential speakers, arrange a lecture, or sign the agreement letter confirming the details, and at no time did any of the Principals delegate this authority to the defendant. Defendant Santamaria would falsely generate invitation letters allegedly on behalf of various Principals in the names of defendant Cabrales and her husband confirming the details of the proposed lecture.

After the lecture purportedly occurred, an expense authorization for payment would be submitted. The authorization form required the social security number of the lecturer, the name of

2

the Principal who arranged for the lecture, and finally, defendant Santamaria's approval as the Department's Administrator. Defendant Santamaria would submit fraudulent authorization forms, confirmation letters, and IRS W-9 tax forms to the Accounts Payable Department of Georgetown University for the issuance of a check to defendant Cabrales and her husband. Upon payment, defendants Santamaria and Cabrales would deposit the Department checks in accounts in the names of defendant Cabrales and her husband. In turn defendant Cabrales would pay defendant Santamaria by check a share of the proceeds.

In sum, defendant Santamaria submitted 37 fraudulent expense authorization forms to the Georgetown Accounts Payable Department, resulting in a total of $290,000 in honoraria paid in the names of defendant Cabrales and her husband for lectures never in fact given. In return, during the same period of time, defendant Santamaria received $69,052.31 from the Allfirst joint accounts of defendant Cabrales and her husband.

## The Casual Labor Scheme

Between on or about November 1995 and on or about June 1998, defendant Santamaria submitted fraudulent requests to Georgetown for the payment of casual labor by various relatives, including defendant Cabrales. Georgetown hires individuals to work as casual laborers in circumstances where the work performed by the individual will be for a limited period of time. Defendant Santamaria had no authority to hire any individual, let alone her relatives, for temporary employment by the Department without the approval of a Principal. At no time did Principals approve or have knowledge of the hiring of the defendant's relatives. Furthermore, there is no basis to believe that any of these individuals, in fact, performed any service or work for the Department.

Casual labor workers are not subject to a formal hiring process. In order for an individual to receive payment for casual labor, a casual labor report must be completed and submitted to the

payroll office. The casual labor report lists, among other things, the name, social security number, and address of the worker along with the number of hours worked and hourly rate. In addition, the report will designate the cost center code assigned for the work.

Defendant Santamaria completed casual labor report forms for her family members and submitted them to payroll. As a result, Georgetown issued checks to those family members, including defendant Cabrales. Defendant Santamaria assigned her family member's wages to cost centers associated with Principals in the Microbiology Department. Through this scheme, defendant Santamaria and defendant Cabrales defrauded the Department out of $87,750.

### Amount Obtained from the Department

As a result of their actions, the defendants obtained more than $350,000 in federal and non-federal grant money from the Department.

_____  
Maria Cabrales

_8-27-05_  
Date